WILSON TURNER KOSMO LLP
MERYL C. MANEKER (188342)
DESSISLAVA P. NINTCHEVA (207699)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: mmaneker@wilsonturnerkosmo.com
E-mail: dnintcheva@wilsonturnerkosmo.com

FREEBORN & PETERS LLP
EDWARD H. RICE (*Application to appear Pro Hac Vice to be filed*)
MARINA N. SAITO (*Application to appear Pro Hac Vice to be filed*)
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312) 360-6000
Facsimile: (312) 360-6520
E-mail: erice@freeborn.com
E-mail: msaito@freeborn.com

Attorneys for Plaintiff
ILLINOIS TOOL WORKS INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLINOIS TOOL WORKS INC., <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC TEK, INC., DANIEL SKORCZ and KIRK H. PRESTON, <br><br> Defendants. | Case No. **'15CV2585 BEN JLB** <br><br> **COMPLAINT FOR INFRINGEMENT OF PATENTS AND BREACH OF CONTRACT** |

Plaintiff Illinois Tool Works Inc. ("ITW") for its Complaint against Defendants Pacific Tek, Inc. ("Pacific Tek"), Daniel Skorcz ("Skorcz") and Kirk H. Preston ("Preston"), alleges as follows:

-1- Case No.
COMPLAINT FOR INFRINGEMENT OF PATENTS AND BREACH OF CONTRACT

## NATURE OF THE ACTION

1. This is a civil action for infringement of U.S. Patent No. 8,025,078 (the '078 patent), U.S. Patent No. 8,387,664 (the '664 patent) and U.S. Patent No. 9,038,667 (the '667 patent). As detailed below, the Defendants not only have infringed the '078 patent, but they have done so despite ITW's warnings to stop and despite Defendants' promise in 2012 that Pacific Tek would re-design its infringing product to avoid the '078 patent. Pacific Tek reneged on its contractual obligation to re-design, and it has continued to sell its infringing product in direct competition with ITW's patented product. Moreover, Pacific Tek also has been infringing the '664 patent, which issued in 2013, and the '667 patent, which issued on May 26, 2015.

## PARTIES

2. ITW is a Delaware corporation having a principal place of business and corporate office at 155 Harlem Avenue, Glenview, IL 60025.

3. Pacific Tek is a California corporation with a principal place of business at 1298 N. Blue Gum Street, Anaheim, CA 92806.

4. Skorcz was a co-owner and president of Pacific Tek until 2014. Skorcz resides at 699 N. Vulcan Avenue, #119, Encinitas, CA 92024.

5. Preston currently is the sole owner and president of Pacific Tek. Preston resides at 17292 Almelo Lane, Huntington Beach, CA 92649.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the patent infringement claims under 28 U.S.C. §§ 1331 and 1338.

7. This Court has supplemental jurisdiction over the other claims in this action under 28 U.S.C. § 1367 because they are so related to the patent infringement claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 based on diversity of the parties and the amount claimed by ITW in this action, which is greater than $75,000.

9. Pacific Tek is a California corporation that is authorized to do business in California and regularly transacts business in California. It therefore is subject to personal jurisdiction in this Court.

10. Pacific Tek also has committed acts of patent infringement in California, having designed, manufactured and sold the infringing products in California. For that reason as well, Pacific Tek is subject to personal jurisdiction in this Court.

11. Skorcz is subject to personal jurisdiction in this Court because he is a resident of California. In addition, he has regularly transacted business in California, and has committed acts of patent infringement in the course of that business in California.

12. Preston also is subject to personal jurisdiction in this Court because he is a resident of California. Likewise, Preston regularly transacts business in California, and has committed acts of patent infringement in the course of that business in California.

13. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because at least one defendant (Skorcz) resides in this district, and all defendants reside in California.

14. Likewise, venue is proper here under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to ITW's claims occurred in this district.

15. This district also is a proper venue for this case under 28 U.S.C. § 1400(b), because Skorcz resides in this district.

-3- Case No.
COMPLAINT FOR INFRINGEMENT OF PATENTS AND BREACH OF CONTRACT

# FACTS

## I. The ITW Patents

### A. The '078 Patent

16. ITW is the assignee and owner of all right, title and interest in and to the '078 patent, which the United States Patent and Trademark Office issued on September 27, 2011. A true and correct copy of the '078 patent is attached as Exhibit 1.

17. The '078 patent addresses an invention for a vehicle mountable arm for a valve operating machine.

18. The valve operating machine described in the '078 patent is a device mounted on the back of a truck that is used to open and close water valves, typically in underground, municipal sewer systems. The truck carries the machine to the sewer opening where the water valve is located.

19. The '078 invention includes a pivoting arm that is attached to the truck at one end and to the valve operating machine at the other end. The arm extends at the pivot points and supports the valve operating machine as the operator moves it off the truck and positions it over the water valve.

20. Once the valve operating machine is in position, the operator can stabilize the arm by locking all of the pivot points remotely from a controller at the end of the arm.

21. The ITW invention represented an elegant solution to problems experienced with earlier valve operating devices. This invention used a very easy-to-move pivoting arm that allowed operators to more easily maneuver the heavy valve operating machine from the truck bed and position it over the water valve.

22. But the easy-to-extend pivoting arm also potentially created instability. The valve operating machines must provide a great deal of turning power (torque) to open even the tough-to-open valves (valves that are rusted closed, for example).

ITW's unique remote locking system allowed operators to hold the valve operating machine in position while locking the pivot points.

23. With the pivot points locked, the valve operating machine would remain in place even when applying a great deal of torque to turn the water valves. ITW's unique combination of pivoting arms and remote locking mechanism made the ITW machines easier to use, safer, and more effective. The ITW invention stabilized the pivoting arm to such a degree that ITW was able to add greater torque to its machines without compromising safety or ease of use.

24. ITW's design has been commercially successful and has become the leading product of its kind in the market.

**B.  The '664 Patent**

25. ITW is the assignee and owner of all right, title and interest in and to the '664 patent, which the United States Patent and Trademark Office issued on March 5, 2013. A true and correct copy of the '664 patent is attached as Exhibit 2.

26. The '664 patent is related to the '078 patent; they both trace back to the same original patent application that ITW filed on April 29, 2008.

**C.  The '667 Patent**

27. ITW is the assignee and owner of all right, title and interest in and to the '667 patent, which the United States Patent and Trademark Office issued on May 26, 2015. A true and correct copy of the '667 patent is attached as Exhibit 3.

28. The '667 patent is related to the '078 patent and the '664 patent; they trace back to the same original patent application that ITW filed on April 29, 2008.

**D.  ITW's Patents**

29. The '078 patent, the '664 patent, and the '667 patent claim the different characteristics of the valve operating invention disclosed in that original patent application.

30. ITW has the exclusive rights to make, use, sell and/or offer to sell any invention embodying the '078, the '664 and/or the '667 patents throughout the United States, and to import any invention embodying these patents into the United States.

### E. ITW's Patented Product

31. ITW manufactures, sells and markets, in this district, an embodiment of the device claimed in the '078, '664 and '667 patents. ITW calls this product the ERV-750 Extended Reach Valve Operator.

## II. Pacific Tek's Infringement

32. Between September 27, 2011 and October 24, 2011, Pacific Tek manufactured and sold at least two of its PT-13 Long Reach Valve Operator ("PT-13 LRVO") devices.

33. The PT-13 LRVO devices infringe one or more claims of the '078 patent.

34. On October 24, 2011, counsel for ITW notified Pacific Tek and Preston, in writing, that Pacific Tek's sales of the PT-13 LRVO devices were infringing ITW's '078 patent.

35. This notice triggered a series of communications between ITW and Pacific Tek in November and December 2011.

36. Preston and/or Skorcz were involved in these communications with ITW and, on information and belief, they were the driving force behind all of Pacific Tek's actions.

37. Through counsel, Defendants negotiated an agreement to settle ITW's patent infringement claim, ("the Settlement Agreement").

## III. The Pacific Tek Settlement Agreement

38. In the Settlement Agreement, which Skorcz executed for Pacific Tek on October 11, 2012, Pacific Tek agreed to stop selling the accused product, and it agreed to compensate ITW for past sales of the accused product.

39. Pacific Tek also agreed to redesign its product to comply with the design reflected in a figure that was attached as Exhibit B to the Settlement Agreement, and it

-6- Case No.
COMPLAINT FOR INFRINGEMENT OF PATENTS AND BREACH OF CONTRACT

warranted that it had sold no more than six accused devices in the period after ITW's '078 patent issued.

40. The redesigned Pacific Tek product included a distinct structural modification at the connection point between the pivoting arm and the valve operating machine. That modification allowed the valve operating machine to swivel or pivot with respect to the arm.

41. In exchange, ITW agreed to release and discharge Pacific Tek and its officers, etc. (e.g., Preston and Skorcz) from all past infringement claims for Pacific Tek's six sales.

42. Upon information and belief, Defendants Skorcz and Preston not only were aware of Pacific Tek's settlement promises, but they also were the individuals responsible for making the promises and for ensuring that Pacific Tek would adhere to its promises.

43. After executing the Settlement Agreement, Pacific Tek continued manufacturing and selling the original infringing Pacific Tek products that it had vowed to stop selling.

44. Pacific Tek's post-Settlement Agreement sales of the original infringing PT-13 LRVO devices cannot be attributed to inadvertence or mistake. These devices entirely omitted the swivel modification.

45. Since valve operating devices like the Pacific Tek PT-13 LRVO and the ITW ERV-750 typically are sold in closed bid contests, ITW initially had no first-hand knowledge that Pacific Tek was continuing to sell infringing PT-13 LRVO devices.

46. On April 15, 2015, ITW obtained direct evidence that Pacific Tek had continued to sell the infringing PT-13 LRVO devices that entirely omitted the swivel modification that Pacific Tek had promised to implement in the 2012 Settlement Agreement.

COMPLAINT FOR INFRINGEMENT OF PATENTS AND BREACH OF CONTRACT

47. On May 13, 2015, ITW sued Pacific Tek, Skorcz and Preston in U.S. District Court for the Northern District of Illinois, alleging claims for patent infringement, breach of the Settlement Agreement, and related tort claims.

48. ITW's complaint asserted infringement claims not only under the '078 patent, but also under the '664 patent—a related patent that issued on March 5, 2013, after the 2012 Settlement Agreement.

49. ITW later filed an amended complaint to add infringement allegations under the '667 patent—another related patent that issued on May 26, 2015, after ITW had filed its original complaint.

50. Defendants moved to dismiss the action for lack of personal jurisdiction or, in the alternative, to transfer the action to California (Central District).

51. In discussions between counsel after ITW filed the Illinois lawsuit, the defendants agreed to radically redesign the patent to avoid any potential infringement of the '078, '664, or '667 patents—and to stipulate to an injunction that would enforce the re-design.

52. Based upon defendants' re-design representation, ITW engaged in efforts with defendants to resolve the dispute without further litigation. The Illinois court deferred ruling on defendants' motion pending the outcome of these discussions.

53. The parties, however, have not resolved the dispute—while at the same time, defendants have continued to sell infringing devices.

54. ITW therefore filed notice to dismiss the Illinois action without prejudice and has filed the present action so that it can pursue its claims while addressing defendants' personal jurisdiction and venue objections.

**COUNT I—PACIFIC TEK'S INFRINGEMENT OF THE '078 PATENT**

55. ITW incorporates the allegations contained in paragraphs 1 through 54 of this Complaint as though fully set forth in this paragraph.

COMPLAINT FOR INFRINGEMENT OF PATENTS AND BREACH OF CONTRACT

56. Upon information and belief, Pacific Tek has been, and currently is, directly infringing at least claims 1, 10 and 15 of the '078 patent by making, using, selling and/or offering to sell certain valve operators, including the PT-13 LRVO devices.

57. Upon information and belief, Pacific Tek also infringes the '078 patent indirectly by actively encouraging its customers to infringe the '078 patent directly by using the infringing Pacific Tek valve operators.

58. Pacific Tek has encouraged this infringing use with full knowledge of the '078 patent, with full knowledge of ITW's infringement claim, and with a specific intent to cause its customers to infringe the '078 claims.

59. Pacific Tek's acts constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

60. Unless Pacific Tek is enjoined, it will continue to infringe the '078 patent directly and to induce its customers to infringe.

61. ITW has been irreparably harmed both by Pacific Tek's direct infringement and by Pacific Tek's actions inducing others to infringe. Unless it is enjoined, Pacific Tek will continue to harm ITW irreparably. Monetary damages alone cannot compensate for this harm.

62. Pacific Tek's infringement has been willful and deliberate. Pacific Tek's deliberate infringement without any reasonable justification, makes this an exceptional case, entitling ITW to an award of treble damages under 35 U.S.C. § 284 and an award of attorney fees under 35 U.S.C. § 285.

**COUNT II—PACIFIC TEK'S INFRINGEMENT OF THE '664 PATENT**

63. ITW incorporates the allegations contained in paragraphs 1 through 62 of this Complaint as though fully set forth in this paragraph.

64. Upon information and belief, Pacific Tek has been, and currently is, directly infringing at least claims 1, 8 and 13 of the '664 patent by making, using, selling and/or offering to sell certain valve operators, including the PT-13 LRVO.

COMPLAINT FOR INFRINGEMENT OF PATENTS AND BREACH OF CONTRACT

65. Unless Pacific Tek is enjoined, it will continue to infringe the '664 patent.

66. ITW has been irreparably harmed by Pacific Tek's infringement. Unless it is enjoined, Pacific Tek will continue to harm ITW irreparably. Monetary damages alone cannot compensate for this harm.

**COUNT III—PACIFIC TEK'S INFRINGEMENT OF THE '667 PATENT**

67. ITW incorporates the allegations contained in paragraphs 1 through 66 of this Complaint as though fully set forth in this paragraph.

68. Upon information and belief, Pacific Tek has been, and currently is, directly infringing at least claim 1 of the '667 patent by making, using, selling and/or offering to sell certain valve operators, including the PT-13 long reach valve operators.

69. Unless Pacific Tek is enjoined, it will continue to infringe the '667 patent.

70. ITW has been irreparably harmed by Pacific Tek's infringement. Unless it is enjoined, Pacific Tek will continue to harm ITW irreparably. Monetary damages alone cannot compensate for this harm.

**COUNT IV— SKORCZ'S INFRINGEMENT OF THE '078 PATENT**

71. ITW incorporates the allegations contained in paragraphs 1 through 70 of this Complaint as though fully set forth in this paragraph.

72. Upon information and belief, Skorcz actively encouraged Pacific Tek to directly infringe the '078 patent by encouraging it to make, use, sell and/or offer for sale the infringing Pacific Tek valve operators.

73. Skorcz encouraged this infringing activity with full knowledge of the '078 patent, with full knowledge of ITW's infringement claim, and with a specific intent to cause Pacific Tek to infringe the '078 claims.

74. Upon information and belief, Skorcz communicated with Pacific Tek's customers and actively encouraged those customers to use Pacific Tek's infringing valve operators.

75. Skorcz encouraged this infringing activity with full knowledge of the '078 patent, with full knowledge of ITW's infringement claim, and with a specific intent to cause Pacific Tek's customers to infringe the '078 claims.

76. These acts by Skorcz constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

77. ITW has been irreparably harmed by the infringement-inducing activities of Skorcz. Monetary damages alone cannot compensate for this harm.

78. Skorcz performed these infringing activities in a willful and deliberate manner.

79. Skorcz performed these infringing activities despite being aware of both the '078 patent and ITW's infringement claim.

80. Skorcz participated in the settlement negotiations in which he, on Pacific Tek's behalf, promised to stop these infringing activities.

81. Skorcz's willful activity makes this case exceptional and entitles ITW to an award of treble damages under 35 U.S.C. § 284 and an award of attorney fees under 35 U.S.C. § 285.

**COUNT V—PRESTON'S INFRINGEMENT OF THE '078 PATENT**

82. ITW incorporates the allegations contained in paragraphs 1 through 81 of this Complaint as though fully set forth in this paragraph.

83. Upon information and belief, Preston actively encourages Pacific Tek to directly infringe the '078 patent by encouraging it to make, use, sell and/or offer for sale the infringing Pacific Tek valve operators.

84. Preston has encouraged this infringing activity with full knowledge of the '078 patent, with full knowledge of ITW's infringement claim, and with a specific intent to cause Pacific Tek to infringe the '078 claims.

COMPLAINT FOR INFRINGEMENT OF PATENTS AND BREACH OF CONTRACT

85. Upon information and belief, Preston communicates with Pacific Tek's customers and actively encourages those customers to use Pacific Tek's infringing valve operators.

86. Preston has encouraged this infringing activity with full knowledge of the '078 patent, with full knowledge of ITW's infringement claim, and with a specific intent to cause Pacific Tek's customers to infringe the '078 claims.

87. These acts by Preston constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

88. Unless he is enjoined, Preston will continue to induce Pacific Tek as well as Pacific Tek's customers to infringe the '078 patent.

89. ITW has been irreparably harmed by the infringement-inducing activities of Preston. Unless he is enjoined, Preston will continue to impose this irreparable harm upon ITW. Monetary damages alone cannot compensate for this harm.

90. Preston has performed these infringing activities in a willful and deliberate manner.

91. Preston has performed these infringing activities despite being aware of both the '078 patent and ITW's infringement claim.

92. Preston participated in the settlement negotiations in which he, on Pacific Tek's behalf, promised to stop these infringing activities.

93. With no reasonable justification or excuse, Preston continues to induce Pacific Tek and Pacific Tek's customers to infringe ITW's '078 patent.

94. This willful activity makes this case exceptional and entitles ITW to an award of treble damages under 35 U.S.C. § 284 and an award of attorney fees under 35 U.S.C. § 285.

### **COUNT VI—BREACH OF CONTRACT**

95. ITW incorporates the allegations contained in paragraphs 1 through 94 of this Complaint as though fully set forth in this paragraph.

-12-    Case No.
COMPLAINT FOR INFRINGEMENT OF PATENTS AND BREACH OF CONTRACT

96. The Settlement Agreement is a valid and enforceable contract between ITW and Pacific Tek.

97. ITW performed all of its obligations under the Settlement Agreement; it refrained from suing Pacific Tek for pre-Settlement Agreement sales.

98. Pacific Tek did not redesign its infringing valve operators, as the Settlement Agreement required.

99. Pacific Tek continues to make, use, sell and/or offer for sale infringing valve operators in violation of the Settlement Agreement.

100. As a result of these actions, Pacific Tek breached the Settlement Agreement.

101. ITW suffered injury as a result of Pacific Tek's breach.

WHEREFORE, ITW asks this Court to:

a. Find that the '078, '664 and '667 patents are valid and enforceable;

b. Find that Defendants have infringed the '078 patent;

c. Find that Pacific Tek has infringed the '664 and '667 patents;

d. Find that Pacific Tek breached the Settlement Agreement with ITW;

e. Permanently enjoin Defendants from infringing the '078, '664 and '667 patents;

f. Award ITW damages sufficient to compensate it for Defendants' past infringement of the '078, '664 and '667 patents, together with costs and prejudgment interest;

g. Award ITW treble damages under 35 U.S.C. § 284;

h. Award ITW its reasonable attorney fees under 35 U.S.C. § 285;

i. Award all available common law and statutory damages and restitution; and

j. Award ITW such other and further relief as may be just and proper under the circumstances

Dated: November 18. 2015     **WILSON TURNER KOSMO LLP**

By:   <u>s/Meryl C. Maneker</u>
      MERYL C. MANEKER
      DESSISLAVA P. NINTCHEVA

**FREEBORN & PETERS LLP**
EDWARD H. RICE
(*Application to appear Pro Hac Vice to be filed*)
MARINA N. SAITO
(*Application to appear Pro Hac Vice to be filed*)

Attorneys for Plaintiff
ILLINOIS TOOL WORKS INC.

## TABLE OF CONTENTS

| Exhibit No. | DESCRIPTION | PAGE NOS. |
|---|---|---|
| 1 | A true and correct copy of the '078 patent. | 16 - 27 |
| 2 | A true and correct copy of the '664 patent. | 28 - 39 |
| 3 | A true and correct copy of the '667 patent. | 40 - 52 |

COMPLAINT FOR INFRINGEMENT OF PATENTS AND BREACH OF CONTRACT