WILSON TURNER KOSMO LLP
MERYL C. MANEKER (188342)
DESSISLAVA P. NINTCHEVA (207699)
550 West C Street, Suite 1050
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
E-mail:  mmaneker@wilsonturnerkosmo.com
E-mail:  dnintcheva@wilsonturnerkosmo.com

FREEBORN & PETERS LLP
EDWARD H. RICE (*Admitted Pro Hac Vice*)
MARINA N. SAITO (*Admitted Pro Hac Vice*)
311 South Wacker Drive, Suite 3000
Chicago, IL  60606
Telephone: (312) 360-6000
Facsimile: (312) 360-6520
E-mail: erice@freeborn.com
E-mail: msaito@freeborn.com

Attorneys for Plaintiff
ILLINOIS TOOL WORKS INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLINOIS TOOL WORKS INC., <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC TEK, INC., DANIEL SKORCZ and KIRK H. PRESTON, <br><br> Defendants. | Case No.  15-cv-02585-BEN-JLB <br><br> **PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** <br><br> Complaint filed: November 18, 2015 <br><br> Date:  January 19, 2016 <br> Time:  10:30 a.m. <br><br> District Judge:  Hon. Roger T. Benitez <br> Courtroom:  5A (Schwartz) <br><br> Magistrate Judge: Hon. Jill L. Burkhardt <br> Courtroom:  5th Floor (Schwartz) |

Case No.  15-cv-02585-BEN-JLB

**PLAINTIFF'S REPLY MEMORNDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

## I. INTRODUCTION

Defendants do not oppose the merits of Plaintiff Illinois Tool Works Inc.'s ("ITW") preliminary injunction motion. They merely quibble with the language of the proposed order. They raise three concerns and propose some corresponding revisions to the order.

First, they want to limit the injunction scope to the PT-13 LRVO itself (i.e., they wanted to remove ITW's proposed language, which would prohibit Defendants from selling new products that bear only trivial changes from the PT-13 LRVO). Second, Defendants seek to add language articulating their right to repair infringing products that they sold previously. Third, they want ITW and the Court to bless their "new" design and declare that it falls outside the injunction.

In the spirit of compromise and cooperation, ITW sent Defendants last week a copy of a proposed revised order in which it addressed all three of Defendants' objections. Declaration of Edward Rice ("Rice Decl.") at ¶3. Rather than agreeing to that revised order, Defendants sent ITW an email with further proposed revisions. *Id. at* ¶5. In this email, Defendants did not object to ITW's revised language defining the injunction scope (issue 1), nor did they object to ITW's language regarding their right to make repairs (issue 2). *Id.* at ¶7. Instead, Defendants stated they wanted ITW and the court to bless a new product that has been modified as illustrated in a brand-new set of engineering drawings that Defendants first disclosed to ITW on the afternoon that this Reply Brief was due. *Id.* at ¶¶6-8.

The court should disregard this last-minute attempt by Defendants to derail the injunction proceedings and grant Plaintiff's Motion for Preliminary Injunction. To that end, ITW proposes a revised preliminary injunction order ("Revised Order") which satisfies Defendants' concerns on the "scope of injunction" and "right to repair" issues.

1     Case No.  15-cv-02585-BEN-JLB
**PLAINTIFF'S REPLY MEMORNDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

## II. ADDITIONAL FACT ISSUES

In Defendants' Opposition To Motion For Preliminary Injunction (Docket No. 15) ("Defendants' Opposition"), Defendants assert that: "Defendants do not make or sell the product at issue – the PT-13 Long Reach Valve Operator ("PT-13 LRVO") …." Defendants Opposition at p. 1, lines 4-5. However, it is clear based upon the evidence submitted with ITW's preliminary injunction motion that Defendants unquestionably sold the PT-13 LRVO in 2015. The only question remaining is whether Defendants recently *stopped* selling this infringing product. Defendants offer no *evidence* that they have done so. Thus, the Court should disregard Defendants' unsupported assertions and grant ITW's Motion for Preliminary Injunction.

## III. THE REVISED ORDER RESOLVES TWO OF DEFENDANTS' OBJECTIONS TO ITW's ORIGINAL PROPOSED ORDER

### A. Injunction Scope: The Revised Order Tracks Standard Injunction Language Endorsed By The Federal Circuit

Defendants initially objected that ITW's original proposed injunction language is overly broad because it is not strictly limited to the infringing product (the PT-13 LRVO). Defendants' Opposition at 2, lines 1-19. ITW's original proposed language prohibited Defendants from commercializing other products that use a "similar mechanism" to infringe the patent. ITW drafted this language to preclude Defendants from skirting the injunction by making trivial changes to its infringing product.

ITW is entitled to an injunction that covers not only the accused product, but "all other products that are only colorably different" from the infringing product "in the context of the Infringed Claims." *See, e.g.*, *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 903 (Fed. Cir. 2011) (en banc). Under *TiVo*, an infringer who commercializes a new product that is *not* "more than colorably different" from the product specified in the injunction order is subject to contempt proceedings. *Id.* at 881-884 (discussing the "colorable differences" test). An infringer who designs a new product that *is* "more than colorably different," on the other hand, is not liable for contempt, though he may

be subject to a separate infringement lawsuit. *Id.* at 882. The court evaluates these "differences" in the context of the infringed claims to ensure that the differences are relevant to the patent infringement issue. *Id.* (the analysis must not focus on "differences between randomly chosen features").

ITW therefore proposes language in the Revised Order that tracks *TiVo* and prohibits Defendants (and their agents, etc.) from:

> making, using, selling, offering to sell, or importing into the U.S. the PT-13 LRVO or any other product that is not more than colorably different from the PT-13 LRVO in the context of claim 1 of U.S. Patent No. 8,025,078.

Defendants did not object to this language. Rice Decl. at ¶8.

### B.  Repairs:  The Revised Order Carves Out Routine Repair.

In its second objection, Defendants argue that an injunction prohibiting them from "using" the PT-13 LRVO would: (a) prevent their lawyers from hiring an expert "to review and analyze the allegedly infringing product"; and (b) prevent Defendants from performing repairs on infringing products that they sold previously. Defendants' Opposition at 2, lines 20-27. Defendants cite no authority to support their concern that the term "use" is overly broad or ambiguous. Indeed, that term is customary in virtually all patent injunctions; it tracks the patent statute.[1]

Nonetheless, ITW agrees that the injunction may carve out routine repairs. To ensure that the exception does not swallow the rule, ITW proposes distinguishing "repairs" from "reconstruction" (which essentially creates a new device), and from "modifications," which create a different (but still infringing) device. ITW proposes the following carve-out language for routine repairs:

> This order does not prohibit Defendants from performing routine repairs on PT-13 LRVO products sold before 2016. "Routine repairs" do not include "reconstruction" (as defined in *Aro Manufacturing Co. v.*

---

[1] 35 U.S.C. § 271(a) states: "[W]hoever without authority makes, uses, offers to sell or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."

3          Case No.  15-cv-02585-BEN-JLB
**PLAINTIFF'S REPLY MEMORNDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

*Convertible Top Replacement Co.*, 365 U.S. 336 (1961)) or modifications that transform the product rather than returning it to its previous condition.

Defendants have not objected to this language. Rice Decl. at ¶7.

### IV. Defendants Are Not Entitled To Injunction Language Carving Out A New Product That Is Not Addressed In The Preliminary Injunction Motion.

Defendants allegedly have designed a new product and they want "carve-out" language in the injunction that expressly allows them to sell this new product. Defendants' Opposition at p. 3. Further, they proposed injunction language that defined the new product by name ("PT-1000 SH"). Defendants' Opposition at p. 3, lines 3-5.

As a threshold matter, Defendants have no right to demand this "carve-out" language. If the Court finds that ITW proved a likelihood of success on its infringement case against the PT-13 LRVO, ITW is entitled to an order enjoining sales of that product (as well as other designs that are "not more than colorably different" from it). Pacific Tek has no right to seek advisory opinions from the Court blessing products that ITW did not address in its motion.

Further, a carve-out that is tied to Pacific Tek's product name is inherently problematic because ITW has no way to know or control what products Pacific Tek may try to sell under that label.

Nonetheless, to avoid wasting resources quibbling over the issue, ITW initially responded to Defendants' "new product" carve-out request by proposing language that defined the new product by its engineering drawings. On September 15, 2015, Defendants had provided ITW a set of allegedly "final" engineering drawings for its new product. Rice Decl. at ¶11. After analyzing these drawings, ITW agreed that it would not assert an infringement claim against a product that conformed to them. *Id.* And ITW agreed to a "new product" carve-out tied to these drawings.

4   Case No. 15-cv-02585-BEN-JLB
**PLAINTIFF'S REPLY MEMORNDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

On the day that ITW was required to file its Reply Brief, Defendants produced newly-revised engineering drawings. Rice Decl. at ¶¶5-8. Defendants proposed language that carved out products conforming to these new drawings and any other products that are "not more than colorably different." Exhibit B to Rice Decl.

ITW has not been given time and an opportunity to evaluate Defendants' new engineering drawings before filing this Reply Brief, and it has no obligation to review those drawings in any event. If Defendants want assurances regarding their new product, they can raise these issues at a later time and without delaying the preliminary injunction proceedings.

**IV. CONCLUSION**

The Revised Order ITW submits concurrently with its Reply Brief resolves two of Defendants' three concerns with ITW's original proposed injunction language. Defendants' third concern lacks merit. Accordingly, ITW respectfully requests that the Court grant its Motion for Preliminary Injunction and enter the Revised Order.

Dated:   January 12, 2016                    **WILSON TURNER KOSMO LLP**

                                              By:   s/Meryl C. Maneker
                                                    MERYL C. MANEKER
                                                    DESSISLAVA P. NINTCHEVA

                                              **FREEBORN & PETERS LLP**
                                              EDWARD H. RICE
                                              (*Admitted Pro Hac Vice*)
                                              MARINA N. SAITO
                                              (*Admitted Pro Hac Vice*)

                                              Attorneys for Plaintiff
                                              ILLINOIS TOOL WORKS INC.

5                                              Case No.  15-cv-02585-BEN-JLB
**PLAINTIFF'S REPLY MEMORNDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**